UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAYMOND MILLER,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br>MARTIN NAUGHTON,<br><br>　　　　　　　　Defendant. | Case No. 3:19-cv-00186-MMD-WGC<br><br>ORDER |

　　*Pro se* Plaintiff Raymond Miller brings this action under 42 U.S.C. § 1983. (ECF No. 6.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge William G. Cobb (ECF No. 31), recommending the Court dismiss this action with prejudice and deny as moot Defendant's pending motion for summary judgment (ECF No. 24) because Miller failed to comply with Judge Cobb's earlier orders, principally one directing Miller to file a notice that he still intended to prosecute this case. Miller had until October 5, 2021, to file an objection. (ECF No. 31 at 3.) To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will dismiss this case with prejudice. Defendant also filed a motion to seal the exhibits he submitted in support of his motion for summary judgment.[1] (ECF No. 25.) As further explained below, the Court will grant Defendant's motion to seal because he has shown compelling reasons to support it.

**I.　REVIEW OF R&R**

　　The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to

---

　　[1]Miller did not file a response to this motion.

conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Cobb did not clearly err. Judge Cobb recommends that the Court dismiss this action with prejudice because Miller failed to file a notice of intent to prosecute this action, in compliance with Judge Cobb's August 27, 2021, order. (ECF No. 30.) Judge Cobb had previously given Miller an additional 30 days to respond to Defendant's motion for summary judgment after Miller failed to file a timely response. (ECF No. 29.) Judge Cobb's August 27, 2021, order also explicitly stated that Miller's failure to file and serve a notice of intent to prosecute by the deadline may result in dismissal of his case with prejudice. (ECF No. 30 at 2.) To date, Miller has failed to file a notice of intent to prosecute despite numerous opportunities to do so and has not otherwise responded to the Court's order. Thus, the Court agrees with Judge Cobb and will adopt the R&R in full.

## II.    MOTION TO SEAL

"The courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Courthouse News Serv. v. Planet*, 947 F.3d 581, 591 (9th Cir. 2020) (citations omitted). A court may seal records attached to a motion, such as the motion for summary judgment at issue here, only when it finds "'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97, 1102 (9th Cir. 2016) (citations omitted). The party seeking to file documents under seal bears the burden to overcome the strong presumption in favor of access and show that "compelling reasons supported by specific factual findings . . .

outweigh the general history of access and the public policies favoring disclosure." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (citation omitted).

However, this Court, and others within the Ninth Circuit, have recognized that the need to protect medical privacy qualifies as a "compelling reason" for sealing records, since medical records contain sensitive and private information about a person's health. *See, e.g.*, *Spahr v. Med. Dir. Ely State Prison*, Case No. 3:19-cv-0267-MMD-CLB, 2020 WL 137459, at *2 (D. Nev. Jan. 10, 2020); *see also Sapp v. Ada Cnty. Med. Dep't*, Case No. 1:15-CV-00594-BLW, 2018 WL 3613978, at *6 (D. Idaho July 27, 2018); *Karpenski v. Am. Gen. Life Co., LLC*, Case No. 2:12-CV-01569RSM, 2013 WL 5588312, at *1 (W.D. Wash. Oct. 9, 2013). The exhibits Defendant seeks to file under seal—exhibits B, C, D, E, F, J, and K—contain Miller's sensitive health information, medical history, and treatment records. The Court therefore finds that Defendant has shown a compelling reason for why he seeks to file these exhibits under seal and will accordingly grant his motion to seal.

### III. CONCLUSION

It is therefore ordered that Judge Cobb's Report and Recommendation (ECF No. 31) is accepted and adopted in full.

It is further ordered that this action is dismissed, with prejudice, based on Miller's failure to file a notice of intent to prosecute in compliance with the August 27, 2021, order.

It is further ordered that Defendant's motion for summary judgment (ECF No. 24) is denied as moot.

It is further ordered that Defendant's motion for leave to file exhibits B, C, D, E, F, J, and K under seal (ECF No. 25) is granted.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 12th Day of October 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE